(No. 91468)

WILLIAM DEVONEY, Appellant, v. THE RETIRE-MENT BOARD OF THE POLICEMEN'S ANNU-ITY AND BENEFIT FUND FOR THE CITY OF CHICAGO, Appellee.

*Opinion filed April 18, 2002.—Rehearing denied May 29, 2002.*

McMORROW, J., took no part.
FREEMAN, J., joined by KILBRIDE, J., dissenting.

Thomas J. Pleines, of Chicago, for appellant.

David R. Kugler, of Chicago, for appellee.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

William Devoney, a former Chicago police lieutenant, was convicted of federal mail fraud charges arising from his participation in a scheme to defraud Allstate Insurance. The issue before us is whether Devoney's conviction, a felony, "relat[ed] to or [arose] out of or in connection with his service as a policeman" so as to render him ineligible for his police pension benefits under section 5—227 of the Illinois Pension Code (40 ILCS 5/5—227 (West 1998)). The Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (the

Retirement Board) answered this question in the affirmative and denied Devoney his pension. On administrative review, the circuit court of Cook County affirmed the Retirement Board's decision. The appellate court subsequently affirmed the circuit court's judgment, with one justice dissenting. 321 Ill. App. 3d 1. We granted Devoney leave to appeal. 177 Ill. 2d R. 315. For the reasons that follow, we now affirm.

Devoney served on the Chicago police force for more than 34 years, eventually attaining the rank of lieutenant. In October of 1994, a federal grand jury indicted him along with 23 other persons on charges of conspiracy to commit insurance fraud. Devoney resigned from the police department the following month. He then entered into a written plea agreement with the United States Attorney's office under which he pleaded guilty to one count of mail fraud, a felony, in violation of 18 U.S.C. § 1341 (1994). The federal court accepted Devoney's plea and ultimately sentenced him to 16 months' incarceration and 3 years of supervised release and ordered him to pay restitution in the amount of $42,000 plus a $50 special assessment.

The circumstances which gave rise to Devoney's conviction originated from his friendship with David Ballog, Jr., one of his codefendants in the federal prosecution. Ballog is a career criminal who made his living by filing fraudulent insurance claims. Devoney first met Ballog in the early 1980s when Ballog hired him to install a concrete patio. Ballog was aware that Devoney was a police officer. He cultivated his friendship with Devoney because he believed such a friendship would aid him in dealing with the legal problems he frequently faced.

In 1992, Devoney's wife slipped and fell at home and broke her ankle. Following the injury, Ballog and Devoney conspired with Matt Raimondi, one of Ballog's associates, to defraud Raimondi's homeowner's insurance

carrier by claiming that Devoney's wife had actually injured herself at Raimondi's home as a result of Raimondi's negligence. The scheme ultimately netted a $70,000 cash settlement from Raimondi's insurer, which Devoney split with Raimondi and Ballog. Negotiations leading to the settlement were conducted by Ballog, who represented himself to the insurer as the brother of Devoney's wife. They also involved the assistance of Devoney, who personally spoke with adjusters regarding the claim.

At the time Devoney resigned from the force, he was entitled to receive a pension. After he pleaded guilty, the Retirement Board began to withhold his pension benefits. Devoney subsequently applied to have the benefits restored. The Retirement Board conducted a series of administrative hearings on his application, the last of which took place in June of 1998. The following month, the Retirement Board issued a final decision denying reinstatement of Devoney's benefits pursuant to section 5—227 of the Pension Code (40 ILCS 5/5—227 (West 1998)), which provides:

> "None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman."

Devoney sought administrative review of the Retirement Board's decision in the circuit court. He was not successful. The circuit court affirmed the Board's denial of Devoney's application for restoration of pension benefits. The appellate court affirmed the circuit court's judgment, and we granted Devoney leave to appeal from the judgment of the appellate court.

Here, as throughout this litigation, the dispositive question is whether reinstatement of Devoney's pension benefits was properly denied under section 5—227 of the Pension Code based on his felony conviction. Any felony conviction will disqualify a police officer from receiving

benefits under the Pension Code when the conviction takes place while the officer is receiving disability benefits. Devoney, however, was not on disability at the time of his conviction. Accordingly, an additional requirement applied. Under the Pension Code, he could only be disqualified from receiving benefits if the felony was one "relating to or arising out of or in connection with" his service as a policeman. 40 ILCS 5/5—227 (West 1998).

The requirement that the conviction relate to or arise out of or in connection with a person's service as a policeman is not unique to law enforcement. Identical provisions govern members of the General Assembly (40 ILCS 5/2—156 (West 1998)), participants in the Illinois Municipal Retirement Fund (40 ILCS 5/7—219 (West 1998)), those in the Municipal Employees', Officers', and Officials' Annuity and Benefit Fund (40 ILCS 5/8—251 (West 1998)), county employees (40 ILCS 5/9—235 (West 1998)), employees under the Laborers' and Retirement Board Employees' Annuity and Benefit Fund (40 ILCS 5/11—230 (West 1998)), sanitary district employees (40 ILCS 5/13—807 (West 1998)), state employees (40 ILCS 5/14—149 (West 1998)), judges (40 ILCS 5/18—163 (West 1998)), and others (see, *e.g.*, 40 ILCS 5/16—199 (West 1998)).

These provisions have been enacted pursuant to the legislature's power "to deter felonious conduct in public employment by affecting the pension rights of public employees convicted of a work-related felony." See *Stillo v. State Retirement Systems*, 305 Ill. App. 3d 1003, 1007 (1999). Their purpose is to "discourage official malfeasance by denying the public servant convicted of unfaithfulness to his trust the retirement benefits to which he otherwise would have been entitled." *Kerner v. State Employees' Retirement System*, 72 Ill. 2d 507, 513 (1978).

The statutes are general in describing how the felony conviction must pertain to an employee's public service

before the pension benefit disqualification will be triggered, but they could not be otherwise. The ways in which governmental offices can be exploited for illicit purposes are so diverse and varied that greater specificity would be impossible.

When applying the pension disqualification statutes, including section 5—227, the pivotal inquiry is whether a nexus exists between the employee's criminal wrongdoing and the performance of his official duties. See *DiFiore v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 313 Ill. App. 3d 546, 551 (2000). The appellate court opined that the nexus requirement was satisfied in this case because Devoney's participation in the unlawful activity violated his sworn duty to report crime and arrest persons engaged in criminal conduct. 321 Ill. App. 3d at 10. The dissenting appellate court justice argued, however, that this rationale cannot be squared with the provisions of the Pension Code. We believe that the dissenting justice's concerns are well founded.

Although a duty to report crime and arrest criminals does arise from an officer's service as a policeman, breach of that duty is not what triggers disqualification for a pension. Under the plain and unambiguous language of the statute, what triggers disqualification is the existence of a connection between the actual felony conviction and the officer's service as a policeman.

The distinction is important because the two sets of events, breach of the duty to report and arrest and conviction of a felony, are not equivalent. Whether an officer may be deemed to have breached his duty to arrest and report is not dependent on his having committed a felony associated with his service as a policeman. The duty may be breached where the underlying offense was not a felony, the officer was not personally involved in its commission, or the offense had nothing whatever to do with the fact that he was a policeman.

Correspondingly, an officer's commission of a felony will not automatically constitute a breach of his duty to report and arrest. If an officer who has committed a felony immediately surrenders to authorities and confesses to the crime, for example, no breach of the duty to arrest and report can be said to have occurred.

Admittedly, felonious police officers are not apt to voluntarily surrender and confess their crimes. As a practical matter, their criminal activity will be accompanied by a breach of their duty to arrest and report. The fact that a breach of the duty to arrest and report will normally follow an officer's commission of a felony does not mean, however, that the felony itself "relat[ed] to or [arose] out of or in connection with his service as a policeman" within the meaning of section 5—227 of the Pension Code. Whether a nexus exists between the officer's service as a policeman and the crime he is convicted of committing is a separate inquiry.

If the requisite statutory nexus could be established based solely on the felonious officer's breach of his duty to arrest and report, as the appellate court majority suggests, every felony committed by a police officer would render him ineligible for a pension, regardless of the nature of the offense or the circumstances under which it was committed. Such an interpretation of the law would yield a standard indistinguishable from the one applicable where the officer committed a felony while receiving disability benefits. The requirement that the felony be one which is "relat[ed] to or [arose] out of or in connection with his service as a policeman" would have no independent effect. For all practical purposes, it would be read out of the statute.

A different panel of the appellate court addressed a similar issue in *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105 (1995). In that case a police officer was convicted

for first degree murder after he fatally shot a young man between the eyes following a traffic altercation. At the time of the murder the officer was off duty, was not in uniform, and was not driving a police car. He never identified himself as a policeman, did not attempt to make an arrest, and did not use his service revolver.

Following the officer's conviction, the Retirement Board terminated his retirement benefits. The Board reasoned that because police officers are sworn to always uphold the law, any action policemen take is, by definition, within the performance of their official duties. That being so, this murder here must be deemed to have been committed within the officer's performance of his official duty.

The appellate court rejected this analysis. Based on the language of the statute, the court held that section 5—227 "clearly contemplates the existence of situations where a police officer could commit a felony unrelated to his law enforcement duties." *Cullen*, 271 Ill. App. 3d at 1109. Had the General Assembly not intended to make this distinction, the court reasoned, it would not have employed different language in the first two paragraphs of the statute. Instead, it would have simply written "one paragraph denying all benefits for any felony conviction." *Cullen*, 271 Ill. App. 3d at 1109.

Having reached this conclusion, the court went on to hold that the statutory standard for nondisability cases was not met. In the court's view, there was "no evidence demonstrating that [the officer's] criminal actions were in any way related to or arose out of or in connection with his service as a Chicago police officer." *Cullen*, 271 Ill. App. 3d at 1109. It therefore reversed the judgment of the circuit court and remanded the cause with instructions to reinstate the officer's pension benefits.

The approach taken in *Cullen* was subsequently followed by the appellate court in *Siwek v. Retirement*

*Board of the Policemen's Annuity & Benefit Fund,* 324 Ill. App. 3d 820 (2001). In *Siwek,* as in *Cullen,* the court rejected the notion that violation of the officer's oath or statutory duty provides the requisite nexus between his conviction and his service as a police officer under the Pension Code. Echoing the analysis in *Cullen,* the court wrote:

> "Every time a police officer is convicted of a felony he has violated his oath of office. When a police officer is convicted of a crime, he has violated the law he has sworn to obey. The fact of a felony conviction, standing alone, cannot, within the plain meaning of paragraph one of section 5—227, be enough to deprive a police officer of his pension. To so hold would be to rewrite the statute, something we are not authorized to do." *Siwek,* 324 Ill. App. 3d at 828-29.

We agree with these cases and therefore likewise reject the notion that violation of the officer's oath or statutory duty provides the requisite nexus between his conviction and his service as a police officer under the Pension Code. That conclusion, however, does not end our inquiry.

Our function as a reviewing court is to determine whether the lower courts reached the correct result. The reasons given by a lower court for its decision or the findings on which a decision is based are not material if the judgment is correct. See *Board of Managers of Dominion Plaza One Condominium Ass'n No. 1-A v. Chase Manhattan Bank, N.A.,* 116 Ill. App. 3d 690, 694 (1983). A judgment may be sustained upon any ground warranted by the record. *Bell v. Louisville & Nashville R.R. Co.,* 106 Ill. 2d 135, 148 (1985).

The federal indictment under which Devoney was charged does not identify him as a police officer, proof of his employment as a police officer was not necessary to establish his guilt, and his association with Chicago's police department is not mentioned in his written plea agreement with the United States Attorney. For purposes

of criminal liability under the governing federal statute, what mattered is the action he took, not his official status when he acted. Although Devoney's status as a police officer was germane to a prior incident involving obstruction of justice that was considered by the federal court at sentencing, that incident was wholly unrelated to his culpability in this case and did not, itself, result in a felony conviction. Accordingly, as the appellate court correctly recognized, the incident was irrelevant to Devoney's pension rights under section 5—227. 321 Ill. App. 3d at 6.

That being said, we nevertheless believe that the circumstances surrounding the crime establish that the offense was related to Devoney's work as a police officer. As indicated earlier in this disposition, the conditions which gave rise to Devoney's conviction originated from his friendship with codefendant David Ballog, Jr. Ballog cultivated his relationship with Devoney because Ballog was a criminal who considered it advantageous to have police connections.

Devoney was not naive or unsuspecting about Ballog. In the words of the Retirement Board's attorney, their relationship was "long and unsavory." At Ballog's behest, Devoney had used his position on the police force for Ballog's benefit in a variety of ways over a protracted period of time. Based upon these circumstances, there was ample ground for the Retirement Board's finding that "but for the fact that Devoney was a Police Officer of high rank," he "would not have been in a position or selected to participate in the scheme to defraud [which led to his conviction]."

Because Devoney's participation in the scheme to defraud was the product of his status as a law enforcement official, we believe that the nexus required by section 5—227 of the Pension Code (40 ILCS 5/5—227 (West 1998)) was present. Devoney's felony conviction in

federal court was "relat[ed] to or [arose] out of or in connection with his service as a policeman" so as to render him ineligible for his police pension benefits. 40 ILCS 5/5—227 (West 1998). The appellate court was therefore correct in affirming the judgment of the circuit court which confirmed the Retirement Board's decision denying Devoney's claim for pension benefits.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE McMORROW took no part in the consideration or decision of this case.

JUSTICE FREEMAN, dissenting:

The issue in this case is whether Devoney has forfeited his pension benefits, pursuant to section 5—227 of the Illinois Pension Code (40 ILCS 5/5—227 (West 1998)), because of his conviction for mail fraud. The majority answers in the affirmative, finding a connection between Devoney's status as a police officer and his conviction for mail fraud. Because I believe the majority has misconstrued the nexus requirement of section 5—227, I respectfully dissent.

DISCUSSION

Section 5—227 provides in part:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman." 40 ILCS 5/5—227 (West 1998).

Devoney stands convicted of mail fraud, a felony. See 18 U.S.C. § 1341 (1994). The question here is whether the mail fraud related to or arose out of or in connection with Devoney's service as a police officer.

In interpreting the language of a statute, the primary goal of this court is to ascertain and give effect to the

intention of the legislature. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 388 (1996). This court must seek the legislative intent primarily from the language used in the statute. *Yang v. City of Chicago*, 195 Ill. 2d 96, 103 (2001); *Barnett*, 171 Ill. 2d at 388. Where the language of the statute is unambiguous, the only legitimate function of this court is to enforce the law as enacted by the legislature. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 391 (1998); *Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 84, 256 N.E.2d 758 (1970). There is no rule of statutory construction which authorizes this court to declare that the legislature did not mean what the plain language of the statute says. *Henrich*, 186 Ill. 2d at 391; *Illinois Power Co. v. Mahin*, 72 Ill. 2d 189, 194 (1978). Further, this court must evaluate the statute as a whole, and construe each provision in connection with every other section. *Barnett*, 171 Ill. 2d at 388-89, citing *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91 (1992).

In the case at bar, the majority finds a connection between Devoney's mail fraud conviction and Devoney's service as a police officer. The majority states:

"As indicated earlier in this disposition, the conditions which gave rise to Devoney's conviction originated from his friendship with codefendant David Ballog, Jr. Ballog cultivated his relationship with Devoney because Ballog was a criminal who considered it advantageous to have police connections.

Devoney was not naive or unsuspecting about Ballog. In the words of the Retirement Board's attorney, their relationship was 'long and unsavory.' At Ballog's behest, Devoney had used his position on the police force for Ballog's benefit in a variety of ways over a protracted period of time. Based upon these circumstances, there was ample ground for the Retirement Board's finding that 'but for the fact that Devoney was a Police Officer of high rank,' he 'would not have been in a position or selected to participate in the scheme to defraud [which led to his conviction].'

Because Devoney's participation in the scheme to defraud was the product of his status as a law enforcement official, we believe that the nexus required by section 5—227 of the Pension Code [citation] was present." 199 Ill. 2d at 423.

I disagree.

First, I note that the majority does not provide support for the assertion that "Devoney had used his position on the police force for Ballog's benefit in a variety of ways over a protracted period of time." Perhaps the majority is referring to the district court's finding that Devoney had interfered with the investigation of a sexual assault allegedly perpetrated by one of Ballog's relatives. However, Devoney was not charged with any wrongdoing in connection with the investigation of the sexual assault. As the appellate court observed:

"[Devoney] had not been charged with or convicted of any felony related to obstructing justice regarding the sexual assault case, and thus the language of section 5—227 precludes us from considering this conduct in determining whether [Devoney] has forfeited his pension benefits. Therefore, [Devoney's] conduct in obstructing justice in the sexual assault case is irrelevant to our analysis of whether [Devoney] has forfeited his benefits under section 5—227." 321 Ill. App. 3d 1, 6.

Perhaps the majority is referring to some other conduct. Without more information regarding the nature of the conduct involved, I, for one, find it difficult to conclude that the requisite nexus exists.

Second, and more importantly, the majority adopts a "but for" standard for the forfeiture of pension benefits. The assumption is that "but for" Devoney's status as a police officer, Ballog would not have selected him to participate in the scheme. The problem with such an assumption is the generality of its application to any crime involving the participation of the police officer and another individual. The participation of the police officer in a crime that is unconnected to his work on the police

force can always be connected to his status as a police officer. For example, it can always be said that an individual who gets to know a police officer and later obtains the officer's participation in a crime would not have approached the officer but for his status as a police officer.

Moreover, the majority's "but for" standard cannot be reconciled to the plain language of the statute. The first paragraph of section 5—227 provides:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman." 40 ILCS 5/5—227 (West 1998).

As the appellate court observed in *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1109 (1995):

"the statute clearly contemplates the existence of situations where a police officer could commit a felony unrelated to his law enforcement duties."

In contrast, the second paragraph of section 5—227 provides:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits." 40 ILCS 5/5—227 (West 1998).

Thus, in the case of a recipient of disability benefits, the conviction need not relate to, or arise out of, the recipient's service to the state. The conviction of any felony is sufficient ground for disqualification.

If a police officer's employment status can provide the requisite nexus between the crime and the officer's service to the state, there will never be a situation where a police officer can commit a felony unrelated to his law enforcement duties. Perforce, the nexus requirement is rendered superfluous. The legislature could simply have used language similar to that found in the second paragraph of section 5—227, making the commission of "any felony" ground for disqualification.

As the appellate court stated in *Cullen*:

"Surely, if the legislature had wanted the first paragraph of section 5—227 to read in the way the Board wishes us to interpret it, it could have used the same language or similar language to that which it used in the second paragraph. Moreover, if the General Assembly did not wish to employ a different standard for denying disability benefits from that of pension benefits, why did it not simply write one paragraph denying all benefits for any felony conviction instead of writing two separate paragraphs that draw distinctions?" *Cullen*, 271 Ill. App. 3d at 1109.

This court is not at liberty to construe the statute in such a way as to render any part of it superfluous. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001).

The difficulty with the majority's "but for" standard is magnified when it is applied to other participants in the state's pension plan. As the majority notes:

"The requirement that the conviction relate to or arise out of or in connection with a person's service as a policeman is not unique to law enforcement. Identical provisions govern members of the General Assembly [citation], participants in the Illinois Municipal Retirement Fund [citation], those in the Municipal Employees', Officers', and Officials' Annuity and Benefit Fund [citation], *** state employees [citation], judges [citation], and others [citation]." 199 Ill. 2d at 418.

If, for example, a member of the General Assembly is approached about a crime, say a scheme to defraud a homeowner's insurance carrier, could it ever be said there was no connection between the scheme to defraud the insurance carrier and the status of the member of the General Assembly? I believe the conclusion would follow that but for the individual's status as a member of the General Assembly " 'he would not have been in a position or selected to participate in the scheme to defraud.' " Employment status would always provide the nexus between the crime and the person's service to the state.

## CONCLUSION

The majority adopts a "but for" standard that

equates an individual's employment status to his service to the state, and requires only a nexus between the individual's conviction and the employment status. However, the nexus requirement of section 5—227 entails more than a connection between the individual's employment status and the conviction. Were it not so, the legislature could simply have provided that benefits would not be paid to any individual convicted of a felony. The majority's interpretation of section 5—227 renders superfluous the additional provision that the felony relate to or arise out of or in connection with the individual's service to the state. It also does not reflect the intent of the legislature.

It is the province of the legislature to enact laws; it is the province of this court to construe the laws as enacted. This court has no legislative powers; it may not enact or amend statutes. This court cannot restrict or enlarge the meaning of an unambiguous statute. The responsibility for the justice or wisdom of legislation rests upon the legislature. *Henrich*, 186 Ill. 2d at 394; *People ex rel. Roan v. Wilson*, 405 Ill. 122, 128, 90 N.E.2d 224 (1950).

I understand the desire of the majority to punish Devoney by depriving him of his pension benefits. I sympathize with the majority. However, this court must interpret and apply the statute in the manner in which it is written. This court must not rewrite the statute to make it consistent with the court's idea of orderliness and public policy. *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 220 (1983). Because the "but for" standard adopted by the majority cannot be reconciled to the plain language of the statute, I respectfully dissent.

JUSTICE KILBRIDE joins in this dissent.