SECOND DIVISION
FILED: August 5, 2008

No.  1-07-1132

| | | |
|---|---|---|
| CHARLES ROMANO, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | |
| | ) | |
| THE MUNICIPAL EMPLOYEES ANNUITY AND | ) | |
| BENEFIT FUND OF CHICAGO, THE BOARD OF | ) | |
| TRUSTEES OF THE MUNICIPAL EMPLOYEES | ) | 06 CH 21717 |
| ANNUITY AND BENEFIT FUND OF CHICAGO, | ) | |
| PETER BREJNAK, JOSEPH M. MALATISTA, | ) | |
| JUDITH C. RICE, STEVEN J. LUX, and | ) | |
| JOHN K. GIBSON, President and Members | ) | |
| the Board of Trustees of the Municipal | ) | |
| Employees Annuity and Benefit Fund of | ) | |
| Chicago, | ) | HONORABLE |
| | ) | KATHLEEN M. PANTLE, |
| Defendants-Appellees. | ) | JUDGE PRESIDING. |

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Charles Romano, appeals from a judgment of the Circuit Court of Cook County, confirming a decision of the Board of Trustees of the Municipal Employees Annuity and Benefit Fund of Chicago (Board) which found that, as a consequence of his conviction of a felony "relating to or arising out of or in connection with his service as a municipal employee," he forfeited all benefits he may have had as a participant in the Municipal Employees Annuity and Benefit Fund of Chicago (Fund).  For the

reasons which follow, we reverse the judgment of the circuit court, reverse the decision of the Board, and remand this matter to the Board for further proceedings.

The plaintiff, an operating engineer in the Department of Water of the City of Chicago (City), pled guilty to a felony, federal mail fraud, arising from his participation in a scheme to pay bribes to Donald Tomczak, the First Deputy Commissioner of the City's Department of Water, in exchange for Tomczak directing trucking business under the City's Hired Truck Program (HTP) to Garfield Trucking, Inc. (Garfield). The Plea Agreement entered into between the plaintiff and the United States Attorney for the Northern District of Illinois sets forth the following facts giving rise to the plaintiff's indictment.

In or around late 2000, the plaintiff was asked by Michael Harjung, a former employee of the City's Department of Water, to participate in the formation and operation of Garfield, a trucking business. Harjung told the plaintiff that, once formed, Garfield would have a steady stream of business from the City's HTP because he, Harjung, had an ongoing payment arrangement with Tomczak involving another trucking company. Harjung told the plaintiff that, in exchange for the payment of $75 per week, Tomczak would select Garfield's truck for participation in the HTP. After hearing Harjung describe his arrangement with Tomczak, the

plaintiff agreed to participate in Garfield and made an initial investment of $10,000 for the purpose of purchasing a truck that would be used in the HTP by Garfield. As a City employee, the plaintiff was prohibited from doing business with the City.

Garfield began receiving HTP business from the City's Department of Water in April 2002. The business was arranged in communications between Harjung and Tomczak. Between April 2002 and January 2004, Garfield had one truck that worked exclusively and regularly for the HTP.

The plaintiff never paid Tomczak any money directly, and he never accompanied Harjung when Harjung paid Tomczak. The plaintiff's principal operating role at Garfield was to pick up mail, including City warrants sent to Garfield in payment for HTP work, and to maintain the truck. The plaintiff invested an additional $10,000 which was used by Garfield for operational purposes.

The Plea Agreement provides that, in pleading guilty, the plaintiff admitted the facts set forth in the agreement and that those facts established the offense of mail fraud beyond a reasonable doubt.

Following the plaintiff's conviction, proceedings were instituted before the Board to declare him ineligible for pension benefits under article 8 of the Pension Code (Code) (40 ILCS 5/8-

No. 1-07-1132

101 et seq. (West 2004)). The Fund filed a motion for summary judgment supported by the plaintiff's felony conviction and the admissions made in his Plea Agreement, arguing that, pursuant to the provisions of section 8-251 of the Code (40 ILCS 5/8-251 (West 2004)), the plaintiff is ineligible to receive pension benefits from the Fund. The Board granted the motion for summary judgment, concluding that "[t]here is no issue of material fact that *** [the plaintiff] was convicted of a felony relating to or arising out of or in connection with his service as a municipal employee."

The plaintiff sought a review of the Board's decision in the Circuit Court of Cook County pursuant to the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2004)). The circuit court confirmed the Board's decision, and this appeal followed.

In an appeal from a decision of the circuit court on a complaint for administrative review, we review the administrative decision rather than the circuit court's decision. Bloom v. Municipal Employees' Annuity and Benefit Fund of Chicago, 339 Ill. App. 3d 807, 811, 791 N.E.2d 1254 (2003). The Fund asserts that the Board's findings of fact are deemed true and correct (see City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 204, 692 N.E.2d 295 (1998)), and that those factual findings should not be reversed on review unless they are against the manifest weight of the evidence (Terrano v. Retirement Board of the

4

No. 1-07-1132

*Policemen's Annuity and Benefit Fund*, 315 Ill. App. 3d 270, 274, 733 N.E.2d 905 (2000)). However, as noted earlier, the Board resolved this matter with the entry of a summary judgment. The purpose of a summary judgment proceeding is not to resolve issues of fact, but rather to determine if they exist. *Addison v. Whittenberg*, 124 Ill. 2d 287, 294, 529 N.E.2d 552 (1988). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315, 821 N.E.2d 269 (2004). In determining whether a genuine issue of material fact exists, the evidentiary material of record must be construed strictly against the movant and liberally in favor of the non-moving party. *Happel v. Wal-Mart Stores*, 199 Ill. 2d 179, 186, 766 N.E.2d 1118 (2002). We review a decision granting a motion for summary judgment *de novo*. *Malmloff v. Kerr*, 227 Ill. 2d 118, 123, 879 N.E.2d 870 (2007).

Section 8-251 of the Code provides, in relevant part, as follows:

"None of the benefits provided for in this Article [Article 8] shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a municipal employee." 40 ILCS 5/8-251 (West 2004).

5

No. 1-07-1132

In applying a pension disqualification statute such as this, the pivotal inquiry is whether there is a nexus between the felony of which the employee has been convicted and the performance of his official duties. Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund for the City of Chicago, 199 Ill. 2d 414, 419, 769 N.E.2d 932 (2002). Mere conviction of a felony while one is a municipal employee is insufficient to justify a forfeiture of pension benefits. There must be a "clear and specific connection between the felony committed and the participant's employment" to justify such a forfeiture. Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund, 216 Ill. 2d 590, 597, 837 N.E.2d 876 (2005).

In determining whether the requisite nexus exists between the felony of which the participant has been convicted and his official duties, the supreme court has applied a "but for" test. Devoney, 199 Ill. 2d at 423; see also Taddeo, 216 Ill. 2d at 597. In Devoney, the supreme court concluded that, "but for the fact that [he] was a Police Officer of high rank," Devoney would not have been in a position to participate in the felonious scheme of which he was convicted and, thus, the nexus requirement justifying a forfeiture of his pension benefits was satisfied. Devoney, 199 Ill. 2d at 423.

In this case, the Board found that "[b]ecause of *** [the

6

plaintiff's] position as a City employee, he was selected to participate in Garfield, a company that was formed to obtain HTP business." Put another way, the plaintiff would not have been selected to participate in the felonious scheme "but for" his status as a City employee. The Board's finding in this regard appears to have been made to satisfy the nexus requirement articulated by the court in Devoney. However, there is no evidentiary support for such a finding in the record.

The only evidentiary material before the Board when it entered summary judgment in this matter was the plaintiff's Plea Agreement. Nothing in that Plea Agreement speaks to the reason why the plaintiff was asked by Harjung to participate in Garfield. Nor are there any facts in the Plea Agreement which would support an inference that the relationship between the plaintiff and Harjung or any of the other co-conspirators was cultivated because the plaintiff was an employee of the City's Water Department or that he had ever used his position as a City employee for the benefit of Harjung or the other co-conspirators. See Devoney, 199 Ill. 2d at 423.

The most that can be said based upon the facts set forth in the Plea Agreement is that, while employed in the City's Water Department, the plaintiff participated in a felonious scheme with Harjung, a former employee of the Water Department, pursuant to

7

No. 1-07-1132

which Tomczak, the First Deputy Commissioner of the Water Department, was paid bribes for directing HTP business to Garfield. None of the admissions in the Plea Agreement support the conclusion that the scheme was the product of the plaintiff's status as a City employee or that he used his position as a City employee to facilitate the scheme. Even assuming that the relationship between the plaintiff and Harjung had its origin when both men were Water Department employees, that circumstance standing alone could never satisfy the nexus requirement in Devoney. The fact that both men worked at the Water Department explains how they came to know each other, it does not explain why the plaintiff was asked by Harjung to participate in a scheme to bribe Tomczak or that his status as a City employee was in any way relevant to his participation.

In Bloom v. Municipal Employees' Annuity and Benefit Fund of Chicago, 339 Ill. App. 3d 807, 791 N.E.2d 1254 (2003), this court found the requisite nexus between the employee's criminal wrongdoing and the performance of his official duties to justify the denial of pension benefits under circumstances where the manner in which the employee used his official position constituted "material elements and substantial factors" in his resulting felony conviction. Bloom, 339 Ill. App. 3d at 816. In that case, Bloom, a Chicago alderman, was convicted of filing a false federal tax return, in part, because he falsely categorized on his tax return

8

sums that were paid to him in exchange for the improper use of his public office.  Bloom, 339 Ill. App. 3d at 809.

In the instant case, however, there was no evidence before the Board that the manner in which the plaintiff discharged his duties as a municipal employee was either a material element or a substantial factor in his conviction for mail fraud.  There is no doubt that the plaintiff's conviction involved his interest in a company doing business with the City, something he was prohibited from doing by reason of his status as a City employee.  However, nothing in the Plea Agreement establishes that the plaintiff used his position with the City to facilitate the crime to which he pled guilty or that his conviction was the result of a misuse of that position.

We do not believe that the facts admitted to by the plaintiff in his Plea Agreement establish a clear and specific connection between the felony of which he was convicted and his municipal employment.  Consequently, we find that the Board erred when it found no genuine issue of material fact on the question of whether the plaintiff was convicted of a felony "relating to or arising out of or in connection with his service a municipal employee" and in entering summary judgment in favor of the Fund.  For these reasons, we reverse the judgment of circuit court, reverse the decision of the Board, and remand this matter back to the Board for further

9

No. 1-07-1132

proceedings consistent with this opinion.

Circuit court reversed, Board reversed, and cause remanded.

KARNEZIS, J., concurs.

HALL, J., dissents.

JUSTICE HALL, dissenting.

I respectfully disagree with the majority that a question of fact exists as to whether the plaintiff was convicted of a felony "'relating to or arising out of or in connection with his service as a municipal employee.'" The undisputed evidence established the

existence of a nexus between the plaintiff's municipal employment and his felony conviction.

In Devoney, a former police lieutenant was convicted of a felony based on his participation in an insurance fraud scheme with David Ballog, Jr. Mr. Bellog, a career criminal, had cultivated a relationship with Mr. Devoney, finding a friendship with a police officer to be beneficial. The supreme court determined that the circumstances surrounding the crime established that it was related to Mr. Devoney's work as a police officer. Devoney, 199 Ill. 2d at 423. The fact that Mr. Devoney used his position on the police force for the benefit of Mr. Ballog in a variety of ways over a protracted period of time supported the finding that Mr. Devoney's participation in the fraud scheme was the product of his status as a police officer. Devoney, 199 Ill. 2d at 423.

In the present case, the evidence established that "but for" his employment in the water department, the plaintiff "'would not have been in the position or selected to participate in'" the bribery scheme in this case. Devoney, 199 Ill. 2d at 423. The plaintiff, a water department employee, was solicited by a former employee of the water department to participate in a scheme to bribe another employee of the same department. There is no evidence that Mr. Harjung involved the plaintiff in the bribery scheme for any reason other then his employment in the water

11

No. 1-07-1132

department. Like the "friendship" in <u>Devoney</u>, the plaintiff's participation in the bribery scheme had its origins in the plaintiff's status as a municipal employee.

Moreover, the undisputed evidence established that there was a "substantial connection" between the plaintiff's employment and his felony conviction. As a municipal employee, the plaintiff was not permitted to do business with the City. The plaintiff's participation in a scheme to bribe a fellow employee who could secure City business for the trucking company the plaintiff invested in provided the substantial connection between his employment and his subsequent felony conviction based on that scheme. That he knew from Mr. Harjung that Mr. Tomczak was responsible for awarding the truck business does not negate the connection to his employment. His position need not be the sole cause of his crimes. See <u>Goff v. Teachers' Retirement System</u>, 305 Ill. App. 3d 190, 713 N.E.2d 578 (1999).

As there is no genuine issue of material fact, I would conclude that the Board did not err in granting summary judgment to the Fund. I would affirm the judgment of the circuit court. Therefore, I respectfully dissent.

12