BOARD OF MANAGERS OF DOMINION PLAZA ONE CONDOMINIUM AS-SOCIATION NO. 1-A, Plaintiff-Appellee, *v.* CHASE MANHATTAN BANK, N.A., Defendant-Appellant—(NEI, Illinois *et al.*, Defendants).

Second District   No. 82—835

Opinion filed July 27, 1983.

Howard C. Emmerman and Marc P. Seidler, both of Rudnick & Wolfe, of Northbrook, for appellant.

Catherine Valenti and Marshall N. Dickler, both of Marshall N. Dickler, Ltd., of Arlington Heights, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Chase Manhattan Bank, N.A., a national banking association, appeals, pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306), from the denial of its motion to quash service of process and to dismiss, as to it, the complaint of plaintiff, Board of Managers of Dominion Plaza One Condominium Association No. 1-A. The only issue raised on appeal is whether section 94 of the National Bank Act (12 U.S.C. sec. 94 (1976)) renders venue improper in Du Page County in a suit against defendant, a national banking association, not chartered or located in Illinois.

Plaintiff filed suit against defendant and others on January 11, 1982, alleging various theories of recovery for damages arising from the construction of the Dominion Plaza Condominium Building No. 1-A (Dominion). Defendant held the mortgage on Dominion pursuant to an assignment it had received from Chase Manhattan Mortgage and Realty Trust (Chase Trust) on May 6, 1977. Prior to this assignment Chase Trust had been operating as a mortgagee in possession pursuant to a February 1, 1976, agreement with NEI, Corp., the developer of Dominion.

Defendant filed a special appearance under section 20 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 20), recodified as section 2—301 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—301), objecting to the jurisdiction of the court, and a motion to quash service of process and to dismiss the complaint. Defendant filed the affidavit of Howard N. Gorham, defendant's vice-president, with its motion. This affidavit stated that defendant's principal place of business was New York City, New York; that defendant was not qualified to transact business in Illinois; and that it did not transact business in Illinois. Defendant argued that its motion to quash service and to dismiss should be granted because defendant was not located in Illinois and that, therefore, venue was improper under section 94 of the National Bank Act (12 U.S.C. sec. 94 (1976)). On September 22, 1982, the trial court denied defendant's motion, finding that defendant had waived the section 94 venue privilege by accepting the assignment from Chase Trust. The court found that Chase Trust was not entitled to assert the section 94 privilege and that therefore

its assignee, defendant, was not entitled to assert this privilege because an assignee cannot assert "any defense or statutory privilege" not available to its assignor.

Defendant filed a motion for leave to appeal in this court pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306) on October 22, 1982. We granted leave on December 16, 1982.

Plaintiff does not deny that defendant is a national banking association. At the time plaintiff initiated this suit, and at the time the trial court denied defendant's motion to quash and to dismiss, venue in suits against national banking associations was governed by section 94 of the National Bank Act (12 U.S.C. sec. 94 (1976)), which provided that:

> "Suits, actions, and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Effective October 15, 1982, Congress amended section 94 to provide that:

> "Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located, or, in the event any State, county, or municipal court has jurisdiction over such an action or proceeding, in such court in the county or city in which that association's principal place of business is located." (Garn-St. Germain Depository Institutions Act of 1982, Pub. L. No. 97—320, sec. 406, 96 Stat. 1469, 1512, 12 U.S.C.A. sec. 94 (West Supp. 1983).)

The language of this amendment, as well as its legislative history (S. Rep. No. 536, 97th Cong., 2d Sess. 28, *reprinted in* 1982 U.S. Code Cong. & Ad. News 3054, 3082) indicate that Congress intended to repeal the special venue provision that had previously existed for national banks. Under the new section 94, defendant would not have the venue privilege it asserts here. Thus, our initial inquiry is whether the new or the old section 94 applies to this case.

■ The general rule in Illinois is that statutory changes that relate only to procedural or remedial provisions apply immediately to

pending cases in the absence of a savings clause. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034; *Songer v. State Farm Fire & Casualty Co.* (1980), 91 Ill. App. 3d 248, 254, 414 N.E.2d 768.) Here, a Federal statute is involved and we note that the Federal rule on the retroactivity of procedural statutes is the same as the Illinois rule. (*Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen* (1967), 387 U.S. 556, 563, 18 L. Ed. 2d 954, 960, 87 S. Ct. 1746, 1750; *United States v. Vanella* (5th Cir. 1980), 619 F.2d 384, 386.) No savings clause is contained in the new section 94.

■ Venue statutes have been held to be procedural by both Federal and Illinois courts (*Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen* (1967), 387 U.S. 556, 563, 18 L. Ed. 2d 954, 960, 87 S. Ct. 1746, 1750; *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328, 368 N.E.2d 88), and the United States Supreme Court has expressly held that an amendment to subsection (a) of the general Federal venue statute (28 U.S.C. sec. 1391(a) (1976)) is to be applied retroactively. (*Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen* (1967), 387 U.S. 556, 563, 18 L. Ed. 2d 954, 960, 87 S. Ct. 1746, 1750.) Thus, we hold that the new section 94 is applicable to cases pending at the time of its enactment.

We deem *Vaughan v. Empresas Hondurenas, S.A.* (5th Cir. 1948), 171 F.2d 46, which is relied on by defendant and which held a Federal venue statute not to have a retroactive application, to be inconsistent with the United State's Supreme Court's subsequent decision in *Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen* (1967), 387 U.S. 556, 18 L. Ed. 2d 954, 87 S. Ct. 1746, and inconsistent with Illinois law. Therefore, we decline to follow it.

Defendant argues that even though procedural statutes are generally given retroactive application that they will not be applied retroactively where they will deprive a party of vested rights. Defendant contends that since venue is an important privilege (*Blakey v. Commonwealth Edison Co.* (1977), 52 Ill. App. 3d 454, 456, 367 N.E.2d 529), it had a vested right in the venue privilege existing at the time this suit was filed. Thus, defendant argues that the statutory change should not deny it this right.

■ While it is true that a change in a procedural statute will not be applied retroactively when such an application would impair a vested right (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, 415 N.E.2d 1034; *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 187, 193 N.E.2d 844; *Schantz v. Hodge-VonDeBur* (1983), 113 Ill. App. 3d 950, 953, 447 N.E.2d 1355), it is also true that no one has a

vested right in any particular procedure. (*Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen* (1967), 387 U.S. 556, 563, 18 L. Ed. 2d 954, 960, 87 S. Ct. 1746, 1750; *Songer v. State Farm Fire & Casualty Co.* (1980), 91 Ill. App. 3d 248, 254, 414 N.E.2d 768.) A vested right is more than a mere expectation based upon the anticipated continuance of the existing law. (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 188, 193 N.E.2d 844; *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 720, 377 N.E.2d 237.) It must have become a title, legal or equitable, to the present or future enjoyment of property. (*Griffin v. City of North Chicago* (1983), 112 Ill. App. 3d 901, 905, 445 N.E.2d 827.) Here, the statutory provision involved is a venue statute and therefore procedural. (*Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen* (1967), 387 U.S. 556, 563, 18 L. Ed. 2d 954, 960, 87 S. Ct. 1746, 1750; *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328, 368 N.E.2d 88.) Defendant does not have a vested right in such a procedural statute since defendant had only a mere expectation that the statute would continue in its original form. Therefore, since defendant had no vested right in the original statute, the new section 94 applies and venue is proper in Du Page County.

Although this was not the basis of the trial court's denial of defendant's motion to quash service of process and to dismiss the complaint, the reasons given by the trial court for the order, or the findings upon which it is based, are not material if the order is correct. (*Keck v. Keck* (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217; *Liaskis v. Feiling* (1981), 102 Ill. App. 3d 626, 628, 430 N.E.2d 196.) Because we hold that venue is proper under section 94, we need not address the other argument asserted by plaintiff that defendant waived the venue provision of section 94.

For the foregoing reasons the order of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.