PER CURIAM.
Contrary to appellee's assertion that it is protected under the provisions of section 94 of the National Bank Act, 12 U.S.C. § 94 (1976), the special venue privilege for national banks was removed by Congress except in cases involving a closed bank or Federal Deposit Insurance Corporation receivership; these exceptions do not apply *1203 here. See Garn-St. Germain Depository Institutions Act of 1982, Pub.L. No. 97-320, § 406, 96 Stat. 1469, 1512 (codified at 12 U.S.C. § 94 (1982)) (amending 12 U.S.C. § 94 (1976)); Board of Managers of Dominion Plaza One Condominium Association No. 1-A v. Chase Manhattan Bank, N.A., 116 Ill.App.3d 690, 72 Ill.Dec. 257, 452 N.E.2d 382 (1983) (amendment applies retroactively).
The complaint demonstrates sufficient activities by Hartford National Bank and Trust Company, now known as Connecticut National Bank, to provide a basis for the exercise of in personam jurisdiction under section 48.193(l)(g), Florida Statutes (1983). See Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982).
Reversed and remanded.