# Illinois Official Reports

## Appellate Court

*GreenPoint Mortgage Funding, Inc. v. Poniewozik*,
2014 IL App (1st) 132864

| | |
|---|---|
| Appellate Court Caption | GREENPOINT MORTGAGE FUNDING, INC., Plaintiff-Appellee, v. MARIUSZ PONIEWOZIK, Defendant-Appellant (Edward Poniewozik; Janina Poniewozik; One South Leavitt Condominium Association, NFP; Mortgage Electronic Registration System, Inc., GreenPoint Mortgage Funding, Inc., unknown owners and nonrecord claimants, Defendants). |
| District & No. | First District, First Division Docket No. 1-13-2864 |
| Filed | December 8, 2014 |
| Held *(Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.)* | In mortgage foreclosure proceedings started in 2009, the trial court properly dismissed defendant's petition filed pursuant to section 2-1401 of the Code of Civil Procedure seeking to quash service of process on the ground that defendant's claim was barred by section 15-1505.6 of the Illinois Mortgage Foreclosure Law, which became effective August 12, 2011, notwithstanding defendant's contention that the retroactive application of section 15-1506.6 would deprive him of the right he had to challenge service of process when his appearance was filed in 2009, since section 15-1506.6 is a procedural statute, and he failed to show that the retroactive application of the statute impaired a vested right, especially when defendant knew of the foreclosure suit in September of 2009, his counsel, when he appeared in court, requested an extension but then failed to appear in further proceedings, and defendant did not show how he was prevented from moving to quash service within the 60-day time frame allowed by section 15-1506.6, but rather he waited nearly 2 years until the foreclosure was completed. |

| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-44711; the Hon. Robert E. Senechalle, Judge, presiding. |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen D. Richek, of Chicago, for appellant.<br><br>Jena Valdetero and Leighton O'Connell-Miller, both of Bryan Cave LLP, of Chicago, for appellee. |
| Panel | JUSTICE CONNORS delivered the judgment of the court, with opinion.<br>Presiding Justice Delort and Justice Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant Mariusz Poniewozik appeals from an order of the circuit court dismissing his petition brought pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)) that sought to quash service of process in a foreclosure proceeding. On appeal, defendant contends the circuit court improperly found that his claim was barred by section 15-1505.6 of the Illinois Mortgage Foreclosure Law (Mortgage Foreclosure Law) (735 ILCS 5/15-1505.6 (West 2012)), which became effective on August 12, 2011. Pub. Act 97-329 (eff. Aug. 12, 2011). That statute requires that a motion to quash service of process in a residential foreclosure action must be brought within 60 days of the date that the moving party files an appearance or participates in a hearing without filing an appearance, unless the court grants an extension for good cause. 735 ILCS 5/15-1505.6 (West 2012). For the following reasons, we affirm.

¶ 2 The record reveals that on December 1, 2008, plaintiff, GreenPoint Mortgage Funding, Inc. (GreenPoint), filed a complaint to foreclose a mortgage for a property located at 1 South Leavitt Street, Unit No. 404, in Chicago, Illinois, against defendant and two other mortgagors.[1] GreenPoint subsequently attempted to serve defendant at 1 South Leavitt and three other addresses. According to an affidavit, the process server was informed by the current resident of the 1 South Leavitt property, Derick Pawlak, that defendant was the absentee owner. Additional affidavits indicated that during the other attempts at service, the process server was informed that defendant also did not live at the three other addresses.

---

[1]The two other mortgagors are not party to this appeal.

¶ 3 On December 31, 2008, GreenPoint filed an affidavit to allow service by publication. Notice of the impending foreclosure action was published in the Chicago Daily Law Bulletin three times between January 6, 2009, and January 20, 2009.

¶ 4 On August 28, 2009, GreenPoint filed a notice of motion that on September 4, 2009, it would present a motion for default and judgment of foreclosure and sale. On September 3, 2009, an attorney entered an appearance on behalf of defendant and the two other mortgagors. The next day, the court entered an order stating that: (1) defendant's motion for time to answer or otherwise plead was granted; (2) defendant was given leave to file his appearance *instanter*; and (3) defendant had 28 days, until October 2, 2009, to file his answer or otherwise plead to GreenPoint's complaint.

¶ 5 In November 2009, GreenPoint filed a motion for entry of an order of default and judgment of foreclosure and sale. Notice of this motion was sent to defendant's attorney on December 11, 2009, and an amended notice of this motion was sent to defendant's attorney on December 16, 2009. On December 24, 2009, the court entered an order that defendant was in default, finding that "certain Defendant(s) have failed to appear and/or plead." On the same day, the court also entered a judgment for foreclosure and sale and found in part that the subject real estate was residential as defined by section 15-1219 of the Mortgage Foreclosure Law (735 ILCS 5/15-1219 (West 2008)). A sale was held in May 2010, and on July 14, 2010, the court approved a report of sale and distribution, confirmed the sale, and entered an order of possession. GreenPoint had sent notice of its motion for an order approving the report of sale and distribution to defendant's counsel on June 23, 2010, and had sent an amended notice on July 6, 2010.

¶ 6 Nothing further was filed until June 11, 2012, when defendant filed a petition pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)), entitled "Motion to Quash Service Pursuant to 735 ILCS 5/2-1401." In it, defendant stated that upon due inquiry by GreenPoint, defendant could have been found at 1 South Leavitt. Defendant further asserted that one attempt at service at defendant's abode did not constitute due diligence and stated that out of four attempts at service, three were at the wrong address. Attached to the petition was an affidavit from defendant in which he stated that he was never personally served with the summons and complaint. Defendant also stated that he and his wife had owned and lived at 1 South Leavitt since April 2006 and that upon due inquiry, he could have been found there. Additionally, defendant averred that he had never heard of or known any person named Derick Pawlak and that other than his wife, no one else had lived with him and he had never rented out the 1 South Leavitt property.

¶ 7 In its subsequent motion to dismiss, GreenPoint contended in relevant part that defendant's petition was untimely because it was not filed within 60 days of defendant's appearance, as required by section 15-1505.6 of the Mortgage Foreclosure Law, which was enacted on August 12, 2011. GreenPoint asserted that section 15-1505.6 was a procedural amendment and retroactive. As a result, having filed his appearance on September 3, 2009, defendant had 60 days from the law's enactment to file a motion to dismiss. GreenPoint also contended that defendant failed to show good cause for an extension and that defendant "actively sat on his rights for nearly three years" even though his counsel received notices as the case progressed.

¶ 8 In response, defendant asserted that an amendment to section 2-301 of the Code (735 ILCS 5/2-301 (West 2012)) had made "the filing of an appearance *** completely and totally irrelevant to submission to jurisdiction." Defendant asserted that by extension, the legislature

did not intend to make section 15-1505.6 retroactive so that the filing of an appearance submitted a party to the court's jurisdiction. Additionally, defendant stated that a retroactive application of section 15-1505.6 would deprive defendant of the right he had to challenge service when his appearance was filed. Defendant further asserted that even if the law applied retroactively, good cause was shown when a statute adopted two years after the appearance was filed prevented defendant from challenging service of process.

¶ 9    On August 29, 2013, the court dismissed defendant's petition with prejudice. The court found that section 15-1505.6 was a procedural amendment and that applying it retroactively would not offend considerations of fairness and equity, while it would offend considerations of fairness and equity to allow defendant to file a motion to quash service two years after the entry of the order approving the judicial sale. The court asserted that defendant had known since 2009 that he was a named defendant in the foreclosure case and defendant had retained counsel to defend his interest. The court recalled that counsel appeared when GreenPoint presented its motion for entry of judgment of foreclosure and persuaded the court not to enter the judgment of foreclosure and instead allow defendant 28 additional days to file an answer or other pleading. The court stated that once section 15-1505.6 became effective, defendant had 60 days to file a motion to quash but did not do so. The court concluded it was constitutionally permissible and equitably proper for section 15-1505.6 to be applied to this case.

¶ 10    On appeal, defendant contends that section 15-1505.6 of the Mortgage Foreclosure Law (735 ILCS 5/15-1505.6 (West 2012)) does not bar his claim. Defendant argues that the law is not retroactive and that such a conclusion would result in an unknowing waiver, which the legislature sought to prevent when it amended a different section of the Code, section 2-301 (735 ILCS 5/2-301 (West 2012)). Defendant also contends that it is difficult to imagine that the legislature would create a statute that would have the effect of retroactively displacing homeowners from their homes.

¶ 11    When a trial court enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, we review that order on appeal *de novo*. *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 12. We also review *de novo* the meaning and effect of statutory provisions. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330 (2006).

¶ 12    Generally, section 2-301 of the Code (735 ILCS 5/2-301 (West 2012)) governs challenges to personal jurisdiction and states in part:

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. ***

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person."

¶ 13    We note that section 2-301 was amended in 2000 to no longer require that a party file a special appearance to preserve a jurisdictional objection. *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2006). In its current form, there is no provision that filing a general

appearance results in waiver, and the statute provides for waiver of an objection to personal jurisdiction only if the party files a responsive pleading or motion–other than one seeking an extension of time to answer or otherwise appear–before filing a motion asserting the jurisdictional objection. *Id.*

¶ 14     On August 12, 2011, the legislature enacted a new law for objecting to personal jurisdiction in the context of residential foreclosure proceedings. 735 ILCS 5/15-1505.6 (West 2012). Section 15-1505.6 of the Mortgage Foreclosure Law states:

> "(a) In any residential foreclosure action, the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance, or (ii) the date that the moving party participated in a hearing without filing an appearance.

> (b) In any residential foreclosure action, if the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person."

¶ 15     At issue is whether section 15-1505.6 applies retroactively or prospectively. To make such a determination, we first consider whether the legislature stated an explicit intent about retroactivity. *In re Marriage of Duggan*, 376 Ill. App. 3d 725, 728 (2007). If the legislative intent is unclear, then we determine whether the amendment is procedural or substantive in nature. *Deicke Center-Marklund Children's Home v. Illinois Health Facilities Planning Board*, 389 Ill. App. 3d 300, 303 (2009). Statutory amendments and repeals that are procedural may be applied retroactively, while those that are substantive may not. *Allegis Realty Investors*, 223 Ill. 2d at 331.

¶ 16     The legislative history of section 15-1505.6 provides insight into its purpose but does not clearly resolve whether it was intended to apply retroactively or prospectively. At one proceeding, a sponsor stated that the proposed law "deals with the time frame of when somebody can bring a motion to quash service in a foreclosure action" and "eliminates the ability to bring that motion late and stall these proceedings. *** [I]t is basically to limit the ability to file these motions to quash service that slow down these actions, and it can happen on either side." 97th Ill. Gen. Assem., Senate Proceedings, May 17, 2011, at 155 (statements of Senator Dillard).

¶ 17     Additionally, at one point an amendment was proposed that would have made the law apply only to actions commenced and complaints filed on or after the law's effective date. However, this amendment was ultimately tabled and was not made part of the law. Illinois General Assembly, http://ilga.gov/legislation/BillStatus.asp?DocNum=1960&GAID=11&DocTypeID=HB&LegId=59161&SessionID=84&GA=97#actions (follow "Full Text" hyperlink; then follow "Senate Amendment 001" hyperlink). Once it passed, the law became effective immediately. Pub. Act 97-329 (eff. Aug. 12, 2011) (adding 735 ILCS 5/15-1505.6). That the proposed amendment was tabled does not clearly indicate whether the legislature intended the law to be retroactive or prospective. As a result, we move to the next step in our analysis–determining whether section 15-1505.6 is procedural or substantive. *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005).

¶ 18 While a substantive change in law establishes, creates, defines, or regulates rights, and "thus could actually make[ ] one a party to a suit" (internal quotation marks omitted) (*Ores v. Kennedy*, 218 Ill. App. 3d 866, 871 (1991)), procedure is the machinery for carrying on the suit, including pleading, process, evidence, and practice (*Ogdon v. Gianakos*, 415 Ill. 591, 596 (1953)). Additionally, " 'a procedural change in the law prescribes a method of enforcing rights' " (*Deicke Center*, 389 Ill. App. 3d at 303), meaning the legal rules that direct the means to bring parties into court or the manner in which the court process will proceed (*Ores*, 218 Ill. App. 3d at 871).

¶ 19 Here, we find that section 15-1505.6 is a procedural change in the law. By changing the deadline for when a party must move to quash service of process, the law prescribes a method of enforcing rights and directs the way a suit proceeds. Additionally, we note that the issue or service of process is not what makes one a party to a suit, but is merely a step in obtaining jurisdiction over a person after he is a party to a suit. *Ogdon*, 415 Ill. at 596. Moreover, section 15-1505.6 does not give or take away the right to challenge jurisdiction–it simply changes the manner in which that challenge can occur. See also *Ores*, 218 Ill. App. 3d at 871 (amended long-arm statute was procedural; it was not part of the law that creates, defines, or regulates rights and was not what made someone a party to a suit).

¶ 20 Having found that section 15-1505.6 is procedural, we next determine whether there are reasons the law should not be applied retroactively. Procedural amendments will not be applied retroactively when doing so would impair a vested right–a right that is sufficiently well-established to be protected under the due process clause of the constitution. *In re Marriage of Duggan*, 376 Ill. App. 3d at 729.

¶ 21 Here, defendant did not have a vested right that was impaired by the enactment of section 15-1505.6. A vested right must have become a title, legal or equitable, to the present or future enjoyment of property. *Board of Managers of Dominion Plaza One Condominium Ass'n No. 1-A v. Chase Manhattan Bank, N.A.*, 116 Ill. App. 3d 690, 694 (1983). Defendant's ability to file a motion to quash service of process on an undetermined timeframe does not rise to this level. Moreover, no one has a vested right in any particular remedy or method of procedure (*Ogdon*, 415 Ill. at 597) and a vested right is more than a mere expectation based on the anticipated continuance of the existing law (*Board of Managers of Dominion Plaza*, 116 Ill. App. 3d at 694). Defendant may have expected that he would be able to challenge service of process long after the foreclosure was complete, as would have been the case when section 2-301 alone governed the process for objecting to the court's personal jurisdiction in foreclosure proceedings (735 ILCS 5/2-301 (West 2010)). Under section 2-301, because defendant had not filed a responsive pleading and had only filed a motion for extension of time to answer, there would have been no firm deadline for him to challenge service of process. See 735 ILCS 5/2-301(a), (a-5) (West 2010). This is precisely the situation that section 15-1505.6 sought to change. Because section 15-1505.6 is procedural and defendant only expected a continuation of the existing law, he has not shown that he had a vested right that was impaired.

¶ 22 As an additional consideration, a procedural statute will not be applied retroactively if it would have a retroactive impact, such that it: (1) impairs rights that a party possessed when it acted, (2) increases a party's liability for past conduct, or (3) imposes new duties with respect to transactions already completed. *Schweickert*, 355 Ill. App. 3d at 444. None of these situations are implicated here. Section 15-1505.6 does not take away defendant's right to challenge personal jurisdiction and does not increase either party's liability for conduct related

to the foreclosure proceeding. The statute also does not impose any new duties with respect to transactions already completed. It simply shortens the timeframe in which defendant could bring a motion to quash service of process. We also note that courts must make subtle judgments concerning the fairness or unfairness of applying a new statutory rule to particular cases pending before them and determine whether applying the new rule would offend considerations of fairness and equity. *In re Marriage of Duggan*, 376 Ill. App. 3d at 730. Defendant was aware of the suit in September 2009, as evidenced by his counsel appearing in court. Counsel requested a 28-day extension and then failed to appear in further proceedings, despite having received notice of them. Considering that he had counsel, received notice of the proceedings, and his assertion that he had lived at 1 South Leavitt continuously since April 2006, defendant has not shown how he was prevented from moving to quash service of process within the time frame set by section 15-1505.6, rather than waiting until nearly two years until after the foreclosure proceeding was complete to do so. Under these circumstances, we find that it would not offend considerations of fairness and equity to apply section 15-1505.6 retroactively.

¶ 23 Further, we are not persuaded by defendant's reliance on *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311. *Mitchell* concerned an entirely different issue: whether a party's waiver of objections to the circuit court's personal jurisdiction applied retroactively to validate orders entered before the party submitted to the court's jurisdiction. *Mitchell*, 2014 IL 116311, ¶ 1. At issue here is whether a statutory enactment applies retroactively.

¶ 24 Additionally, to the extent that defendant argues that applying section 15-1505.6 retroactively would conflict with or undermine section 2-301, we disagree. Defendant seems to contend that applying section 15-1505.6 retroactively would mean that by appearing in court, he unknowingly waived his objection to jurisdiction–a situation that the legislature sought to prevent when section 2-301 was amended. When two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441-42 (2005). Here, we see no conflict between the two statutes. Under section 15-1505.6, which only applies in residential foreclosure proceedings, it is not the appearance itself that results in waiving the objection to personal jurisdiction. It is waiting more than 60 days after appearing or participating in a hearing that causes waiver.

¶ 25 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26 Affirmed.