NOTICE

Decision filed 07/18/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200366-U

NO. 5-20-0366

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEFFREY DEWALT, on Behalf of Himself and Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 15-L-613 |
| THE CITY OF BELLEVILLE, | ) ) | Honorable Stephen P. McGlynn, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: We reverse and remand the circuit court's order, where the court abused its discretion by denying petitioner's motion for class certification, given petitioner had standing to bring an individual action and represent the class.

¶ 2                     I. Background

¶ 3   Given the extensive history of prior litigation, we recite only those facts pertinent to the disposition of the issue on appeal.

¶ 4   On October 28, 2015, petitioner, Jeffrey Dewalt, on behalf of himself and other similarly situated persons, filed a complaint and motion for class certification against respondent, the City of Belleville (City), in Saint Clair County, Illinois. Petitioner, as named representative, represented residents of Saint Clair County, Illinois, and other counties within and outside the State of Illinois,

1

who were previously cited and arrested for any felony offense set forth in the City of Belleville's Traffic Code Redemption of Vehicle Ordinance § 70.075 (approved April 4, 2011),[1] and then subsequently charged a $500 level 1 Redemption Fee (Redemption Fee) to reimburse the City's police department for time and resources associated with the impoundment and release of towed vehicles (the class).

¶ 5    Petitioner, as the named representative, stated that a City police officer stopped and subsequently arrested him on December 9, 2014, "for a violation of the Illinois Compiled Statutes," without reference to the specific charges. That being said, the record indicated that the City arrested and charged petitioner with driving under the influence (DUI) (625 ILCS 5/1-1501 (West 2012)), a designated felony under ordinance 70.075,[2] following a traffic stop for improper lane usage and failure to signal. Following his arrest, petitioner's vehicle was towed, and the City subsequently charged petitioner $500 to begin the process of retrieving the towed vehicle.

¶ 6    In the two-count complaint, the class alleged that the Redemption Fee was unconstitutional, where it violated their substantive due process rights pursuant to article I, section 2 of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). The class argued that the "Redemption Fee is not the tow fee but merely a receipt given to the Plaintiffs so they can then appear at the towing facility, which possesses their automobile and then pay the actual towing fee." Thus, the class asserted that no rational justification existed for the Redemption Fee because it "is not connected or related in whole or in part to the cost of towing, towing services or actual services provided." Rather, once

---

[1]Petitioner cites to the Redemption of Vehicle Code Ordinance § 52.10.1 in the complaint; however, the ordinance in effect at the time of complaint was ordinance 70.075. Thus, ordinance 70.075 is cited throughout this order.

[2]The record indicated the charges were later dismissed.

payment is made to the City police department, additional fees are required to a third-party towing facility for the towing and impound of the vehicle.

¶ 7    Ordinance 70.075 states as follows:

"(A) (1) A fee of $500.00, per vehicle, shall be paid in connection with the custodial arrest of any driver of a vehicle for any felony level offense or the following offense(s), as defined by the state or the United States of America:

(a) 720 ILCS 550, Cannabis Control Act;

(b) 720 ILCS 570, Illinois Controlled Substances Act;

(c) 720 ILCS 600, Drug Paraphernalia Control Act;

(d) 720 ILCS 602, Ephedra Prohibition Act;

(e) 720 ILCS 635, Hypodermic Syringes and Needles Act;

(f) 720 ILCS 646, Methamphetamine Control and Community Protection Act;

(g) 720 ILCS 5/12-2(b)(4.1), Aggravated Assault on a Police Officer;

(h) 720 ILCS 5/31-1(a), Resisting or Obstructing a Peace Officer, Firefighter, or Correctional Employee;

(i) 720 ILCS 5/31-4.5, Obstructing Identification;

(j) 625 ILCS 5/11-204, Fleeing or Attempting to Elude Police Officers;

(k) 625 ILCS 5/11-501 Driving Under the Influence;

(l) 625 ILCS 5/11-503, Reckless Driving;

(m) 625 ILCS 5/11-506, Street Racing (Drag);

(n) 625 ILCS 5/6-206.2, Violations Relating to an Ignition Interlock Device; and

(o) 625 ILCS 5/6-303, Driving While Driver's License, Permit or Privilege to Operate a Motor Vehicle is Suspended or Revoked.

3

(2) *** Said fees shall be paid at the Police Department prior to the release of the vehicle, and shall reimburse the Police Department in compensation for the time and resources spent by the Department regarding the impoundment and release of said vehicles. The above fees are to be paid by the registered owner or person seeking the vehicle's release regardless of whether the owner of said vehicle or any other authorized person was driving the vehicle at the time of the arrest and impoundment by the Police Department. For all other vehicles towed by the Police Department, for any reason other than the above listed offenses, a tow release will be issued by the Police Department free of charge.

***

(C) The towing or storage company shall be entitled to receive a fee from the owner or person entitled to possession of such vehicle prior to the release of the vehicle. The fee shall be to cover the cost of removing said vehicle and, in addition thereto, the cost of storage of said vehicle for each day or fraction thereof that said vehicle shall have remained stored.

(D) The foregoing fees shall be in addition to any fee levied or assessed against the owner or operator of said vehicle by reason of violation of any ordinance or statute and any arrest which may have resulted from such violation."

¶ 8    Following multiple motions for extension of time to respond to petitioner's class action complaint, the City filed an answer and affirmative defenses on January 11, 2016. In particular, the City asserted 10 affirmative defenses, including the following: (1) the ordinance imposes a constitutionally valid and reasonable administrative fee; (2) if the administrative fee is not entirely reasonably related to the costs included by the City, then any damages suffered by the members of the class should be reduced to that amount; (3) the ordinance imposes a constitutionally valid and

4

reasonable fee; (4) claims contained in the complaint are barred for failure to exhaust administrative remedies; (5) the City is immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 *et seq.* (West 2012)); (6) the statute of limitations bars claims of various members; (7) petitioner fails to state a claim upon which relief may be granted; (8) petitioner lacks standing to bring the class action suit; (9) claims of various members of the class are barred by the doctrine of estoppel; and (10) claims of various members of the class are barred by the doctrine of *laches*.

¶ 9    On February 9, 2016, petitioner filed a motion for leave of court to submit additional discovery. In particular, petitioner sought to submit more than 30 written interrogatories to the City in excess of the number allowed by Illinois Supreme Court Rule 213 (eff. Jan. 1, 2007). Attached to the motion, petitioner included the written interrogatories directed to the City. Following a hearing on May 16, 2016, the circuit court, over the City's objection, granted petitioner's motion.

¶ 10    On January 23, 2017, the City filed a motion to stay proceedings, arguing the need to avoid spending time, effort, and money in the current case, provided petitioner's counsel filed a similar case before the appellate court with briefing complete and oral argument scheduled for March 2017. The City contended that, because petitioner failed to present proof of ownership of the vehicle that was allegedly towed on December 9, 2014, taking depositions was premature. Following a hearing on May 7, 2017, the circuit court stayed the proceedings and reset the cause for July 31, 2017.

¶ 11    On April 12, 2018, following multiples continuances, the City filed a motion for summary judgment on the issue of standing and attached the affidavit of Thomas Hunter, the City's attorney. The City claimed petitioner failed to establish any genuine issue of fact that he suffered a direct

injury in fact to a legally recognized interest from the City's enforcement of ordinance 70.075. Thus, because petitioner "has repeatedly been requested to produce, and has not produced, any evidence that he paid to have a vehicle owned by him released as alleged in the Complaint," the City argued petitioner failed to demonstrate standing to bring the cause in his individual capacity. According to the City, petitioner did not own the vehicle that was towed on December 9, 2014, and he did not pay the $500 Redemption Fee to the City. Rather, Tracy Oglesby, petitioner's wife, but girlfriend at the time, was the registered owner and payor of the Redemption Fee following petitioner's arrest. Accordingly, the City requested the circuit court grant summary judgment and dismiss the complaint with prejudice for a lack of standing to bring any claim.

¶ 12     On June 8, 2018, in response to the City's April 12, 2018, motion for summary judgment, petitioner argued that a genuine issue of material fact existed. Petitioner asserted that Tracy, who was "his soon to be wife" on December 9, 2014, paid the $500 Redemption Fee with his money. Petitioner argued that the Illinois RUT-50 vehicle tax form listed both of their names as owners. Petitioner claimed he "has not had possession of the vehicle or any documents regarding its ownership for quite some time," thus, he was unable to attach documentation to demonstrate proof of ownership. Shortly thereafter, following a hearing on the City's motion for summary judgment, the circuit court denied the City's motion on July 17, 2018.

¶ 13     On February 13, 2019, petitioner testified in a discovery deposition. On December 9, 2014, petitioner drove Tracy's vehicle intoxicated, and a City police officer arrested him. At the time of the arrest, petitioner and Tracy were dating; however, they married 10 days later on December 19, 2014. Following petitioner's arrest, Tracy paid the $300 cash bond for petitioner's release with his cash that was stored "in a *** personal safe *** under [his] bed" in the home he shared with Tracy. The next day, Tracy paid $500 to the police department with petitioner's "vacation money" and

6

received proof of payment. In explaining why Tracy paid the Redemption Fee to the City, petitioner indicated that he "became ticked off," so he "told Tracy, go in there and talk to those people because I don't want to talk to them." Petitioner confirmed that weeks before his December 9, 2014, arrest, the city police in O'Fallon, Illinois, arrested him for DUI, and, similarly, he paid $500 to the police department with his own money to retrieve the towed and impounded vehicle.

¶ 14 On May 16, 2019, Tracy testified in a discovery deposition. Tracy confirmed that she married petitioner on December 19, 2014. Following petitioner's arrest on December 9, 2014, petitioner called Tracy and instructed her to bring money from petitioner's lockbox under their bed. Tracy confirmed that the money contained in the lockbox belonged to petitioner. Following much back and forth regarding how to obtain the impounded vehicle, Tracy physically paid $500 cash to the police department and received a paper receipt showing proof of payment. Together, Tracy and petitioner picked up the towed vehicle. Tracy confirmed that, although she owned the vehicle petitioner was driving when he was arrested in O'Fallon, Illinois, petitioner paid the $500 Redemption Fee with his own money.

¶ 15 On August 30, 2019, the City filed a combined motion for summary judgment and memorandum in support, arguing, again, that petitioner lacked standing to bring the cause or represent the class. The City asserted that petitioner's "representation that he owned the vehicle at the time of the incident is demonstrably false," as evidenced by documents from the Illinois Secretary of State confirming Tracy owned the vehicle. Moreover, the City asserted that petitioner failed to call "for disposition of the matter for class certification which would raise additional objections regarding standing as a class representative." The City also argued that ordinance 70.075 satisfied the constitutional dimensions of a fee, and, even if a constitutional deprivation occurred, petitioner failed to take advantage of available administrative remedies.

¶ 16    On September 24, 2019, petitioner filed a motion for leave to amend the class action complaint pursuant to section 2-616 of the Code of Civil Procedure (Code) (735 ILCS 5/2-616 (West 2018)). Petitioner, in requesting leave to amend, desired to add an alternate theory to the original October 28, 2015, complaint, arguing that the Redemption Fee failed to comply with the rationally related constitutional standard. The next day, petitioner filed a brief and argument against the City's motion for summary judgment, arguing, *inter alia*, that he had standing to file the cause and represent the class where he paid the fee in question and vehicle ownership was an irrelevant issue.

¶ 17    On September 27, 2019, the City filed a combined response to petitioner's motion for class certification and memorandum in law in support, arguing petitioner failed to demonstrate a direct injury as required for standing and did not demonstrate that he could adequately serve as a class representative. In support, the City argued that petitioner was neither the owner of the towed vehicle nor the payor at the time the impounded vehicle was released. Next, the City argued that the City of O'Fallon arrested petitioner for DUI weeks before he was arrested and charged with the same offense by the City. According to the City, petitioner's "criminal prosecution combined these charges resulting in a plea that dismissed the charges by [the City of] Belleville and any further reimbursement to Belleville for collections by the State." The City argued that, because petitioner had been prosecuted differently from others arrested while driving under the influence, he could not adequately serve as a class representative. Accordingly, petitioner could not satisfy the requirements of class certification set forth by section 2-801 of the Code (*id.* § 2-801).

¶ 18    On November 5, 2019, following the circuit court's order granting petitioner's motion for leave to amend, petitioner filed the first amended class action complaint on behalf of a class pursuant to section 2-801 of the Code (*id.*). Petitioner argued that the Redemption Fee failed to

comply with the rationally related constitutional standard violating their substantive due process rights pursuant to article I, section 2 of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). Petitioner also argued that the Redemption Fee was arbitrary and unreasonable where no similar fee was charged for police activity concerning citing, arresting, and booking a defendant for a non-motor vehicle related offense. Shortly thereafter, petitioner filed a brief and argument in support of his motion for class certification asserting that he met the four elements of section 2-801 of the Code.

¶ 19    On December 10, 2019, the City filed an answer and affirmative defenses to petitioner's first amended class action complaint and a supplement to the City's August 30, 2019, motion for summary judgment. In requesting summary judgment, the City asserted that petitioner's "amendments in the First Amended Complaint do not cure, nor even address, the substance and grounds for summary judgment in the Defendant's Combined Motion for Summary Judgment and Memorandum in Support Thereof."

¶ 20    On December 11, 2019, the circuit court heard argument on petitioner's motion for class certification and the City's motion for summary judgment. Specific to this appeal, the City argued before the court that petitioner lacked standing for two reasons. First, petitioner did not suffer a direct injury because he was not the owner of the towed and impounded vehicle, and second, he did not sign off on the paid receipt for release of the vehicle. In response, petitioner argued ownership was not necessary to prove standing. Rather, "the true test should be [whether petitioner] pa[id] money. And it's clear my client paid $500 which gives him standing to consent to this ordinance." In response, the court stated: "I think *** [i]f it's his money I think there's standing."

¶ 21    As it relates to class certification, petitioner argued that class certification was appropriate. First, petitioner asserted that the numerosity element for class certification had been satisfied. Second, petitioner argued that the commonality element had been satisfied because "it's the exact same amount of fine, exact same situation." That is, "[e]verybody is being arrested for an offense with a vehicle and then they have to pay the $500." Next, petitioner argued that adequacy of representation had been satisfied for both the attorney and petitioner. Specifically, petitioner's attorney represented plaintiffs in 127 class action suits, and petitioner was similarly situated with the other class members who paid the City $500 with their own money. Lastly, petitioner contended that the class action was appropriate for fair and efficient adjudication of the issue.

¶ 22    In response, the City argued that the standing issue, which relates to the ownership of the vehicle, also showed lack of commonality and adequacy of representation. Specifically, because petitioner did not own the vehicle and "sign off on the receipt" for the towed and impounded vehicle, he did not have commonality with other class members. In addition, the City asserted that, because "his case was *** subsumed to the O'Fallon case," petitioner did not have commonality and adequacy of representation. In response to the City's argument, the circuit court seemed skeptical of this argument that petitioner was different than the class members for the two DUIs, stating: "the only issue is the City imposed a $500 fee because this car was towed and [the City] didn't incur any expense. And so I think it's completely unfair." The court proceeded to state that this case was "perfect for class certification," and "[i]f it's not classified then you've got a thousand people who have got to file a small claims complaint against the City of Belleville." The court stated it would reread the arguments on class certification, but that it was inclined to certify because the case presented a claim that could be resolved through a class action suit. The court took the matter under advisement.

10

¶ 23    On February 4, 2020, the circuit court entered and order denying petitioner's motion for class certification without prejudice. The court, in a handwritten order, stated the following: "Court finds that this cause supports class certification of similarly aggrieved persons. However, named Plaintiff has insufficient standing to bring cause or represent class." The court provided petitioner's attorney 30 days to substitute petitioner for a different representative with standing to challenge ordinance 70.075.

¶ 24    On February 24, 2020, petitioner filed a "Motion to Reconsider and/or For More Definite Order" (motion to reconsider). Petitioner informed the circuit court that, despite his requests, the City "flatly denied" to provide information on which class members paid the administrative fee at issue on or before the original complaint was filed. In seeking clarification, petitioner requested the circuit court to specify "what facts specifically disallowed standing" for petitioner to "adequately represent the class (*i.e.*[,] non-ownership of vehicle, his fees were paid by another from his money, etc.)." Petitioner asserted that the court's order was contrary to the facts where the ordinance states that the Redemption Fee may be paid " 'by the registered owner or person seeking the vehicle's release regardless of whether the owner of said vehicle or any other authorized person was driving the vehicle at the time of the arrest and impoundment by the Police Department.' " Because the ordinance does not require only the vehicle's owner to pay the fee, petitioner posited that he satisfied the adequacy element of section 2-801(3) of the Code (735 ILCS 5/2-801(3) (West 2018)). Accordingly, petitioner requested the court vacate the portion of the order requiring petitioner be removed as class representative.

¶ 25    Due to the COVID-19 pandemic, resolution of petitioner's motion to reconsider was delayed. On October 13, 2020, the circuit court heard argument on petitioner's motion to reconsider via Zoom. Petitioner, again, argued that the ordinance did not require vehicle ownership

11

or physical payment for release of the towed and impounded vehicle. Rather, the ordinance required that petitioner pay the Redemption Fee with his own money to secure the release of the vehicle, which he did. In response, the City reiterated its point that petitioner could not have standing without ownership of the vehicle and proof of physical payment. Following argument, the court denied petitioner's motion. Petitioner filed a timely notice of appeal.

¶ 26                                    II. Analysis

¶ 27    On appeal, petitioner argues the circuit court erred by denying class certification. Here, the circuit court's February 4, 2020, order determined that "this cause support[ed] certification of a class of similarly aggrieved persons." The court, however, denied petitioner's motion for class certification without prejudice, because petitioner had insufficient standing to bring the cause or represent the class. Accordingly, the threshold question before this court is whether the circuit court erred by finding petitioner lacked standing to challenge ordinance 70.075 on behalf of the named class. We conclude petitioner has standing.

¶ 28    It is well settled that a class cannot be certified unless the named plaintiff has a cause of action. *Spring Mill Townhomes Ass'n v. OSLA Financial Services, Inc.*, 124 Ill. App. 3d 774, 779 (1983) (citing *Landesman v. General Motors Corp.*, 72 Ill. 2d 44, 45-46 (1978)). The doctrine of standing ensures that issues are raised only by those parties with a real interest in the outcome of the controversy. *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999) (citing see *People ex rel. Hartigan v. E&E Hauling, Inc.*, 153 Ill. 2d 473, 482 (1992)). Standing requires some injury-in-fact to a legal cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 493 (1988) (citing *Glazewski v. Coronet Insurance Co.*, 108 Ill. 2d 243, 245 (1985)). To have standing to challenge the constitutionality of an ordinance, a plaintiff must have sustained or be in immediate danger of sustaining a direct injury as a result of the enforcement of the challenged

12

statute or ordinance. *Messenger v. Edgar*, 157 Ill. 2d 162, 171 (1993) (citing *Illinois Gamefowl Breeders Ass'n v. Block*, 75 Ill. 2d 443, 451 (1979)). The claimed injury must be "(1) 'distinct and palpable' [citation]; (2) 'fairly traceable' to the defendant's actions [citation]; and (3) substantially likely to be prevented or redressed by the grant of the requested relief [citation]." *Greer*, 122 Ill. 2d at 493. Where a plaintiff has no standing, the proceedings must be dismissed because lack of standing negates a plaintiff's cause of action. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004) (citing see *Wood River Township v. Wood River Township Hospital*, 331 Ill. App. 3d 599, 604 (2002)). "The issue of standing presents a question of law that this court reviews *de novo.*" *Powell v. Dean Foods Co.*, 2012 IL 111714, ¶ 35.

¶ 29    Here, ordinance 70.075 states that the fees at issue "are to be paid by the registered owner *or* person seeking the vehicle's release *regardless of whether the owner of said vehicle or any other authorized person was driving the vehicle at the time of the arrest and impoundment* by the Police Department." (Emphases added.) Despite this, the City argues petitioner did not suffer a direct injury as a result of enforcement of the ordinance for two reasons. First, petitioner did not own the vehicle on the date of the incident. Second, even if petitioner used his own money to pay the Redemption Fee, he did so voluntarily, thus, he lacks standing to challenge the ordinance. We disagree.

¶ 30    According to the plain language of ordinance 70.075, ownership of the vehicle is irrelevant. Ownership of the towed and impounded vehicle is not a requirement for the person paying the Redemption Fee. Additionally, the ordinance does not specify who must pay the Redemption Fee but provides that it may be paid by either the registered owner (*i.e.*, Tracy in the present case) at the time of the incident, or the person seeking the vehicle's release (*i.e.*, Tracy and/or petitioner in the present case). The direct injury, which can be traced back to the City's ordinance, is the

13

payment of the $500 Redemption Fee. This fee, which was paid by petitioner as a result of the City's enforcement of ordinance 70.075, could be redressed by a trial on this matter. Moreover, the injury is distinct and palpable provided it refers to a class of aggrieved persons, represented by petitioner, who have been subjected to a $500 Redemption Fee if cited and arrested for certain felony offenses under ordinance 70.075 while operating a motor vehicle. As such, there is no question that petitioner alleges an injury that is distinct and palpable, rather than a generalized grievance common to all members of the public. See *Greer*, 122 Ill. 2d at 494. Accordingly, we conclude petitioner has standing.

¶ 31     Next, petitioner argues that the circuit court erred by denying the class certification. The decision regarding class certification is within the discretion of the circuit court and will not be disturbed on appeal unless the court abused its discretion or applied impermissible legal criteria. *Smith v. Illinois Central R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 126-27 (2005)). The scope of appellate review is limited. *Health Cost Controls v. Sevilla*, 365 Ill. App. 3d 795, 805 (2006). That is, "[t]he appellate court is limited to an assessment of the trial court's exercise of discretion; the appellate court cannot indulge in an independent, *de novo* evaluation of the facts alleged and the facts of record to justify class certification." *Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 761 (2008) (citing *Health Cost Controls*, 365 Ill. App. 3d at 805).

¶ 32     Ultimately, "[o]ur function as a reviewing court is to determine whether the lower courts reached the correct result. The reasons given by the lower court for its decision or the findings on which a decision is based are not material if the judgment is correct." *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund for the City of Chicago*, 199 Ill. 2d 414, 422 (2002) (citing see *Board of Managers of Dominion Plaza One Condominium Ass'n No 1-A v. Chase*

14

*Manhattan Bank, N.A.*, 116 Ill. App. 3d 690, 694 (1983)). A judgment may be sustained upon any ground warranted by the record. *Kitzes v. Home Depot, U.S.A., Inc.*, 374 Ill. App. 3d 1053, 1059 (2007) (citing *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1085)).

¶ 33    Section 2-801 of the Code (735 ILCS 5/2-801 (West 2018)) provides that an action may proceed as a class action only if the circuit court finds:

> "(1) the class is so numerous that joinder of all members is impractical; (2) there are questions of fact or law common to the class, and those common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interest of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Smith*, 223 Ill. 2d at 447.

¶ 34    Here, the circuit court ruled that "this cause support[ed] certification of a class of similarly aggrieved persons." Despite this, the court denied petitioner's motion for class certification. Based on our reading of the court's order in addressing the merits of petitioner's motion, the court denied class certification because petitioner "has insufficient standing to bring the cause or represent the class." Based on a review of the court's ruling, two of the four elements of section 2-801 of the Code, specifically, commonality and adequacy, are relevant to this appeal. We conclude the circuit court abused its discretion in denying class certification.

¶ 35    First, as it relates to the element of commonality, we cannot conclude that petitioner's interest is different than the other class members, where the common issue for all members is whether the $500 Redemption Fee is rationally related to the ordinance's stated purpose of reimbursing the City's police department for expenses associated with towing and impounding vehicles. Additionally, the persons subject to this fee are those who are cited and arrested for any felony offense set forth in ordinance 70.075. As stated above, petitioner, similar to the other class members, was subject to the Redemption Fee because he was arrested for a charge set forth in ordinance 70.075, and the car he was driving was towed and impounded. Because the ordinance

15

neither requires ownership of the vehicle nor that the owner to pay the fee, the element of commonality is satisfied. Next, for the reasons stated above on the issue of standing, petitioner would adequately represent the class as class representative. Moreover, the record contains no evidence of inadequacy on the part of petitioner's attorney to represent the class. Accordingly, we conclude the circuit court abused its discretion in denying class certification, where certification of a class of similarly aggrieved persons in this cause is supported.

¶ 36                                III. Conclusion

¶ 37    For the foregoing reasons, we reverse the judgment of the circuit court denying class certification, remand the cause, and direct the circuit court with instructions to certify the class. See *Cruz*, 383 Ill. App. 3d at 781.


¶ 38    Reversed and cause remanded with instructions.